F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 13 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:05-WM-192 (OES)

CNA SURETY, f/k/a Western Surety Company, A South Dakota Corporation,

Petitioner,

vs.

AUTOQUAL USA, INC., BANK ONE RETAIL LENDING, COURTNEY BLANKENSHIP, LINDA COTTON, DENISE COZZA, PATRICK COZZA, ROBERT DALE, CATHI DENMAN, DECIBEL COMMUNITY CREDIT UNION, DEBRA FAHEY, JESSICA GUTIERREZ, KATHIE L. HUFFMAN, RUSSELL J. HUFFMAN, HONDA FINANCIAL SERVICES, NELSON IM, AMY KENNEY, ROBERT KENNEY, WELLS FARGO AUTO FINANCE, HOLLY KING, JOSE MENDEZ, JUAN MENDEZ, SHARON MORALES, BELLCO CREDIT UNION, CECIL PAYNE, PUBLIC SERVICE CREDIT UNION, HERBERT STOEGER, ANDREW LEE SWANIGAN, NEW HORIZONS COMMUNITY CREDIT UNION, TRAVIS WALKER, FIRESIDE BANK, WFS FINANCIAL, HERITAGE BANK

Respondents.

## ORDER

## ORDER ENTERED BY MAGISTRATE JUDGE O. EDWARD SCHLATTER

You have been named as a Defendant in this case because you are one of the people who may have a claim against Western Surety Group as a result of problems with your transactions with Kelly's International Auto Sales. Please do not be alarmed that you are named as a Defendant. Naming all of the possible claimants "Defendants" is the only way that the Court and the insurance company can deal with all of the possible claims at one time. For that reason, I will refer to you as "Claimants" rather than Defendants. You are not being sued because anyone believes that you owe anything or are expected to pay anything. You are being sued so that we can distribute the bond money to all of the people who may have been affected by the actions of the automobile

dealership. This is a special kind of lawsuit called an "Interpleader Action." The above named dealership was bonded by Western Surety Group, and the insurance company has placed all of the bond money with this Court. In an Interpleader Case, a business like the insurance company is asking the Court to divide the bond money among all of the people who are claiming a share of it. In this case, the total amount of the bond is $30,000, and there are approximately thirty (30) people who have claims. The Petition for Interpleader that you are receiving with this Order contains the names of all possible Claimants that are known at this time. I anticipate the possibility that the amount of money available will not be enough to pay all Claimants 100% of their losses.

In the usual case, the Federal Rules of Civil Procedure require that each one of the named Defendants be personally served with a copy of the Petition for Interpleader, meaning, a Process Server will actually need to hand a copy of the Petition to each person. That would cost a lot of money, and that money would come from the bond, diminishing the amount of money that would be available for reimbursement of the claims in this case.

For that reason, I am by this Order relieving the insurance company of the need to personally serve anyone, and I am allowing them to obtain service over each one of you by means of regular U.S. mail. That means, when you receive the Petition and this Order in the mail, you have been served in this lawsuit and you are thereby subject to the requirements of this Order.

In the usual case, each one of you would also be required to file an Answer or other type of Response in order to become eligible to have your claim reimbursed. Because of the large number of Claimants, and the burden that would present for each

Claimant and this Court, I am changing that procedure as well. No Claimant will need to hire a lawyer, and no Claimant will need to appear in Court. Having said that, anyone wishing to hire a lawyer is free to do so.

Ms. Jennifer Gifford, Attorney at Law, whose address is listed below, is acting as a Special Assistant to the Court in this case. Anyone wishing to contact the Court may do so by writing to Ms. Gifford at her address.

**The procedures for reimbursement of claims are as follows:**

**First,** I will allow until **September 31, 2005,** for any Claimant to object in writing to the procedure that I am providing here in my effort to divide the bond money among the Claimants in an expeditious manner. Any party who wishes to object to the procedures may do so by writing to Ms. Gifford. If you do not object, you will be deemed to have accepted these modified procedures for distributing the bond money.

If anyone does object to these procedures, I will consider and resolve those objections. To do so, I may set a hearing at which time I will allow the objecting party or parties to appear before this Court and express their objections on the record.

**Second,** assuming that no party will object, I will allow until **October 16, 2005,** for each Claimant to file a claim for the amount of his or her loss. The claims must be limited to the amounts that were actually paid to Kelly's International Auto Sales, and may not include any other losses that you feel you have suffered.

**Third,** the claims should be submitted on the form Affidavits that are being provided to you with this Order. The Affidavits must contain the information that is requested, and must be sworn to before a Notary Public.

**Fourth**, the Affidavits must be returned by the above date of October 16, 2005, to the following address:

>Jennifer Gifford, Esq.
>The Hustead Law Firm
>4643 S. Ulster Street, Suite 1250
>Denver, Colorado 80237.

**PLEASE NOTE: ONLY AFFIDAVITS OR CLAIMS THAT ARE RECEIVED BY THE DEADLINE WILL BE CONSIDERED FOR REIMBURSEMENT. THOSE AFFIDAVITS THAT MS. GIFFORD HAS NOT RECEIVED BY OCTOBER 16, 2005, WILL NOT BE CONSIDERED VALID CLAIMS.**

After the deadline has passed, all of the claims that have been received will be totaled together. If the amount of the claims received is greater than the amount of money available to pay the claims, each claim will be reduced by the percentage of the difference between the amount of the claims and the amount that is available. Ms. Gifford will determine the amount that is to be paid to each Claimant, and will report the results to me.

After all of the above procedures have been completed, I will issue an Order that directs Western Surety Group to send checks to each of the Claimants who have submitted affidavits. If your check is in an amount that is less than the amount for which you filed a claim, your claim has been reduced along with all other claims on a *pro-rata* basis, as explained above.

IT IS SO ORDERED this 13th day of Sept, 2005.

BY THE COURT:

_/s/ O. Edward Schlatter_
O. Edward Schlatter
U.S. MAGISTRATE JUDGE