IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 05-cv-00192-WDM-MEH

**CNA SURETY,** f/k/a Western Surety Company, A South Dakota Corporation,

Petitioner,

vs.

AUTOQUAL USA, INC., BANK ONE RETAIL LENDING, COURTNEY BLANKENSHIP, LINDA COTTON, DENISE COZZA, PATRICK COZZA, ROBERT DALE, CATHI DENMAN, DECIBEL COMMUNITY CREDIT UNION, DEBRA FAHEY, JESSICA GUTIERREZ, KATHIE L. HUFFMAN, RUSSELL J. HUFFMAN, HONDA FINANCIAL SERVICES, NELSON IM, AMY KENNEY, ROBERT KENNEY, WELLS FARGO AUTO FINANCE, HOLLY KING, JOSE MENDEZ, JUAN MENDEZ, SHARON MORALES, BELLCO CREDIT UNION, CECIL PAYNE, PUBLIC SERVICE CREDIT UNION, HERBERT STOEGER, ANDREW LEE SWANIGAN, NEW HORIZONS COMMUNITY CREDIT UNION, TRAVIS WALKER, FIRESIDE BANK, WFS FINANCIAL, HERITAGE BANK

Respondents.

---

## ORDER

---

### ORDER ENTERED BY MAGISTRATE JUDGE MICHAEL E. HEGARTY

As you know, you have been named as a Defendant in this case because you are one of the people who may have a claim against the bond issued by CNA Surety as a result of problems with your transactions with Kelly's International Auto Sales. Please do not be alarmed that you are named as a Defendant. Naming all of the possible claimants "Defendants" is the only way that the Court and the insurance company can deal with all of the possible claims at one time. For that reason, I will refer to you as "Claimants" rather than "Defendants" because you are not being sued or expected to pay anything. Rather, you are being sued so that the Court can fairly distribute the bond

Page 1 of 4

money to all of the people who may have been affected by the actions of Kelly's International Auto Sales.

The purpose of this Order is to set forth the manner in which the Court is going to require CNA Surety to distribute the funds from the Bond.

In order for a Claimant to be considered a valid Claimant, or one entitled to bond proceeds, such Claimant must have executed the affidavit that was provided to you, had it notarized, and made sure Jennifer Gifford at The Hustead Law Firm was in receipt of the affidavit on or before October 16, 2005. Those individuals who did not respond, or did not properly execute and return the affidavits, are not valid Claimants and will not be receiving funds from the bond.

In addition, CNA Surety, the Petitioner, will be allowed to retain some funds from the bond as a result of its costly efforts to identify valid Claimants, initiate this Interpleader action, properly divide the bond funds, and finally to properly distribute the bond funds. The petitioner in an interpleader action, such as CNA Surety, is entitled to recover some fees where it is equitable and appropriate. See *FTC v. Skybiz.com, Inc.* 102 Fed. Appx. 649 (10th Cir. 2004); *John Hancock Mutual Life Insurance Company v. Jordan*, 8346 F. Supp. 743 (D. Colo. 1993). It has also long been held that the petitioner in an interpleader action is entitled to its costs out of the fund.

The costs already incurred in administrative functions, such as copying, couriering, mailings and filing fees total $379.32. The Court is going to allow CNA Surety to recover all of these costs.

In addition, in order for CNA Surety to initiate this interpleader action, which was filed in order to fairly distribute the funds to the valid Claimants, CNA Surety was forced

to retain attorneys to assist in that process. Many of the services provided by CNA Surety's attorneys were imperative to you obtaining any funds from the bond. For example, all of the fees incurred in initiating an action, adequately and properly identifying valid Claimants and invalid Claimants, accurately dividing the bond fund, and all of the services that will be required in distributing the bond funds were performed for the sole purpose of fairly dividing the bond funds. This Court has reviewed and analyzed the detailed attorney invoices for which CNA Surety is responsible to pay in this matter, and has determined that $6,950.00 of the attorneys fees incurred were related solely to the services provided that were necessary to identify proper Claimants, include them in the Interpleader action, file the Interpleader action, amend the Interpleader action to incorporate necessary Claimants, divide the bond funds, and distribute the bond funds.

Accordingly, this Court is going to allow the Petitioner, CNA Surety, to retain $6,950.00 of the penal sum of the bond for attorneys' fees reasonably incurred in providing services that benefit the Claimants here. CNA Surety, therefore, will retain a total of approximately $7,329.32 from the $30,000 Bond.

The remainder of the bond funds totals approximately $22,670.68 This amount will be divided on a pro rata basis among the valid Claimants. The amount of the valid claims totals $137,160.34 . Because the total amount of claims far exceeds the amount of funds available to be dispersed, each valid Claimant will only recover approximately 15% of the amount of his or her claim.

The individuals listed in Exhibit A, which is attached hereto, have been identified as valid Claimants who properly and timely executed the affidavits, and such individuals will receive a pro rata distribution of the remaining bond funds. The middle column in

Exhibit A identifies the total amount this Court is going to require CNA Surety to pay each of the valid Claimants.

The individuals listed in Exhibit B, which is attached hereto, failed to respond altogether and cannot be considered valid Claimants. Therefore, each individual listed in Exhibit B will not receive any funds from the Bond.

The Court will provide CNA Surety 45 days from the date of this Order to execute checks and mail them to each of the valid Claimants.

IT IS SO ORDERED this 10th day of March, 2006.

BY THE COURT

_____
Michael Hegarty
U.S. MAGISTRATE JUDGE

## CNA Surety f/k/a Western Surety Company
## Kelly's International Auto Sales, Inc.
## Exhibit A

| Claimant/ Defendant | Amount of Claim | Amount to Be Disbursed | Percentage of Bond Proceeds |
|---|---|---|---|
| Courtney Blankenship | $19,669.60 | $3,251.11 | 14.34% |
| Linda Cotton | $14,234.14 | $2352.70 | 10.38% |
| Denise and Patrick Cozza | $23,000.00 | $3801.58 | 16.77% |
| Cathi Elder f/k/a Denman | $13,200.00 | $2181.77 | 9.62% |
| Robert and Amy Kenney | $5,166.39 | $853.93 | 3.77% |
| Juan Mendez | $17,248.82 | $2850.99 | 12.58% |
| Bellco Credit Union (On behalf of Cecil Payne) | $26,118.29 | $4316.99 | 19.04% |
| Herbert Stoeger | $8,523.10 | $1408.75 | 6.21% |
| Andrew Lee Swanigan | $6,000.00 | $991.72 | 4.37% |
| WFS Financial | $4,000.00 | $661.14 | 2.92% |
| Total Amount | $137,160.34 | $22,670.68 | 100.00% |

## CNA Surety f/k/a Western Surety Company
## Kelly's International Auto Sales, Inc.
### Exhibit B

| Claimant/ Defendant |
| --- |
| AutoQual USA, Inc. |
| Bank One Retail Lending/ Denver Custom Vehicle Finance (On behalf of Warren Wolaver, Nelson Im, Arthur Bonsant and Peter Young) |
| Robert Dale |
| Jessica Gutierrez and Jose Mendez |
| Russell and Kathie Huffman |
| Honda Financial Services |
| Nelson Im |
| Wells Fargo Auto Finance |
| Holly King |
| Jose Mendez and Jessica Gutierrez |
| Sharon Morales |
| Travis Walker |
| Fireside Bank (on behalf of Robert Dale, Jessica Gutierrez and Jose Mendez) |
| Heritage Bank |